**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Harold Lloyd LEWIS, Defendant—
Appellant.**

No. 02–10382.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2003.

Decided June 10, 2003.

Before: HUG, GIBSON,* and FISHER,
Circuit Judges.

MEMORANDUM **

Harold Lewis was convicted by a jury of unlawful possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g), and attempting to board an aircraft with a concealed weapon, in violation of 49 U.S.C. § 46505(b)(1). He now appeals, arguing the district court erred in refusing to instruct the jury on the defense of necessity. We affirm.

Lewis argues that he initially took possession of the gun out of necessity from a suicidal friend. He then relinquished possession of the gun upon placing it in his brother's office. A few weeks after having initially possessed the gun, Lewis was found with the gun in his carry-on bag, while attempting to board an airplane. Lewis's defense was that he initially came into possession of the gun out of necessity, and then subsequently had no knowledge the gun was in the bag when he was at the airport.

A criminal defendant is entitled to have the district court give jury "instructions relating to a theory of defense for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

credibility." *United States v. Wofford,* 122 F.3d 787, 789 (9th Cir.1997) (quotation marks and citation omitted). However, a "mere scintilla" of evidence is not sufficient to warrant a defense instruction. *Id.*

Lewis's defense theory of lack of knowledge was fully presented to the jury. The jury necessarily found that he had knowledge of the presence of the gun in his carry-on bag when he attempted to board the airplane in order to convict on both counts. The reason he initially acquired the gun had no bearing upon his subsequent possession at the airport several weeks after he left the gun in his brother's office. Thus, the district court properly refused to instruct the jury on Lewis's necessity defense.

AFFIRMED.